UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X   Case No.:
JAMEL GEORGEON,

                            Plaintiff,                    **COMPLAINT**

      -against-

TOTAL TOOL RENTALS, LTD. (D/B/A TOTAL TOOL    **PLAINTIFF DEMANDS**
RENTAL), and CRAIG BASILE, *individually*,           **A TRIAL BY JURY**

                            Defendants.
---------------------------------------------------------------------X

      Plaintiff, JAMEL GEORGEON, by and through his attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of the Defendants as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to 42 U.S.C. §1981, the New York State Human Rights Law, New York State Executive Law §§ 296, *et. seq.* ("NYSHRL"); and the New York City Human Rights Law, New York City Administrative Code §§ 8-107, *et. seq.* ("NYCHRL") and seeks damages to redress the injuries he has suffered as a result of being discriminated against on the basis of his race/color (Black), national origin, and retaliated against for his complaints of discrimination resulting in his unlawful termination.

2. Plaintiff also brings this action for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and for violations of the New York Labor Law, N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

## JURISDICTION, VENUE, AND PROCEDURAL PREREQUISITES

3. Jurisdiction of this Court is proper under 42 U.S.C. §1981, 42 U.S.C. § 2000e-5(f)(3), FLSA, 29 U.S.C. § 216(b), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367(a), and 28 U.S.C. §§ 1331 and 1343.

1

4. The Court has supplemental jurisdiction over the claims that Plaintiff has brought under state and city law pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as one or more Defendants reside within the Eastern District of New York, or the acts complained of occurred therein.

6. By contemporaneously with the filing of this Complaint, mailing copies thereof to the New York City Commission of Human Rights ("NYCCHR") and the Office of the Corporation Counsel of the City of New York pursuant to the notice requirements of § 8-502 of the New York City Administrative Code, Plaintiff has satisfied all of the procedural prerequisites for the commencement of the instant action. A copy of the transmittal letter to the NYCCHR, *et ano.*, is annexed hereto as Exhibit A.

## PARTIES

7. That at all times relevant hereto, Plaintiff JAMEL GEORGEON ("Plaintiff") is an African American male and a resident of the State of New York and Kings County.

8. That at all times relevant hereto, Defendant TOTAL TOOL RENTALS, LTD. D/B/A TOTAL TOOL RENTAL ("Defendant TOTAL TOOL RENTAL") was and is a domestic business corporation duly existing pursuant to, and by virtue of, the laws of the State of New York.

9. Defendant TOTAL TOOL RENTAL owns and/or operates a tool rental company under the name "Total Tool Rental" located at 166 Nostrand Avenue, Brooklyn, New York 11205.

10. Upon information and belief, Defendant TOTAL TOOL RENTAL employs fifteen or more employees.

11. Defendant TOTAL TOOL RENTAL possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff.

12. Upon information and belief, Defendant TOTAL TOOL RENTAL employ at least fifteen (15) or more employees.

13. Upon information and belief, Defendant TOTAL TOOL RENTAL had a gross annual volume of sales of not less than $500,000.00 at all relevant times.

14. That at all times relevant hereto, Plaintiff has been an employee of Defendant TOTAL TOOL RENTAL.

15. From approximately November 2021 until the end of Plaintiff's employment, Individual Defendant CRAIG BASILE ("BASILE") operated as owner and manager of the Defendant Corporation.

16. From approximately November 2021 until the end of Plaintiff's employment, Defendant BASILE had supervisory authority over Plaintiff. Defendant BASILE had the authority to hire, fire, or affect the terms and conditions of Plaintiff's employment, or to otherwise influence the decisionmaker of the same.

17. Defendants TOTAL TOOL RENTAL and BASILE are collectively referred to herein as "Defendants."

## MATERIAL FACTS

18. On or about November 17, 2017, Plaintiff was hired by Defendant TOTAL TOOL RENTAL as a laborer at TOTAL TOOL RENTAL.

19. As a laborer, Plaintiff was responsible for opening the store, facilitating tool rentals, and serving customers.

20. Throughout Plaintiff employment, Plaintiff would generally work from 7:00 a.m. until 4:30 or 5:00 p.m. (typically 48.75 hours per week).

21. Although Plaintiff's hours could vary, Plaintiff was paid a flat $115.00 a day at the start of his employment with no overtime premium from the start of his employment until approximately June 2018.

22. In June 2018, Plaintiff temporarily did not work for TOTAL TOOL RENTAL until November 2018. When Plaintiff resumed his work, Plaintiff began being paid a flat $120.00 per day. This continued until March 2019, when Plaintiff stopped working due to an injury.

23. Plaintiff resumed work again in November 2021, where began being paid a flat $125.00 per day for two weeks, followed by being paid $130.00 per day thereafter until the end of his employment.

24. Throughout his employment, Plaintiff was paid in cash.

25. Throughout his employment, Plaintiff was not required to use any kind of clock-in or clock-out mechanism to track hours worked.

26. Defendants never granted Plaintiff any breaks or meal periods of any kind.

27. Plaintiff regularly handled goods in interstate commerce, such as tools produced outside the State of New York.

28. Defendants did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

29. Defendants did not give a notice to Plaintiff of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

30. From the restart of his employment in November 2021, Plaintiff began to be the target of racial discriminatory behavior from Defendant BASILE.

31. Plaintiff was treated differently than non-African American co-workers, who were assigned more favorable hours, were paid the overtime they were entitled to under the law and received less scrutiny.

32. As but one example, Plaintiff was noted for lateness that was ignored for non-African American co-workers.

33. Defendant BASILE also made racially discriminatory comments concerning Plaintiff and black customers.

34. As but one example, Defendant BASILE asked Plaintiff after serving several black customers "how you fucking Jamaicans act stupider than you are in public."

35. Plaintiff was shocked and offended by this racially discriminatory remark.

36. As but another example, Defendant BASILE would compare Plaintiff to the lone other African American co-worker, stating "now you're talking like this idiot."

37. On or about March 2022, Plaintiff confronted Defendant BASILE about the differential treatment Plaintiff was receiving for minor lateness versus the non-existent discipline that existed for other non-African American employees. In retaliation for Plaintiff's complaints and based on his status as an African American, Defendants terminated Plaintiff.

38. **Plaintiff has been treated differently by Defendants, solely due to his race and/or national origin.**

39. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

40. The above are just some of the ways Defendants discriminated against Plaintiff while employing him.

41. Plaintiff's performance has been, upon information and belief, exemplary during the course of his employment with Defendants.

42. Plaintiff has been unlawfully discriminated against, retaliated against, humiliated, degraded, and belittled, and as a result, suffers the loss of rights, emotional distress, loss of income, and earnings.

43. As a result of Defendants' actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

44. As a result of the acts and conduct complained of herein, Plaintiff has suffered emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

**AS A FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER 42 U.S.C. §1981**
**(Not Against Individual Defendants)**

69. Plaintiff repeats, reiterates, and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

70. 42 U.S.C. § 1981 states in relevant part as follows:

    (a) Statement of equal rights

    All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

    (b) "Make and enforce contracts" defined

    For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

    42 U.S.C. §1981

71. Plaintiff, who is Black, was discriminated against because of his race as provided under 42 U.S.C. §1981 and has suffered damages as set forth herein.

### AS A SECOND CAUSE OF ACTION
### FOR RETALIATION UNDER 42 U.S.C. §1981
### (Not Against Individual Defendants)

72. Plaintiff repeats, reiterates, and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

73. By the acts and practices described above, Defendant TOTAL TOOL RENTAL retaliated against Plaintiff for his opposition to unlawful discrimination under 42 U.S.C. §1981.

74. Defendant TOTAL TOOL RENTAL acted with malice and/or reckless indifference to Plaintiff's statutorily protected rights.

75. As a result of Defendant TOTAL TOOL RENTAL's discriminatory acts, Plaintiff has suffered and will continue to suffer irreparable injury, emotional distress, and other compensable damage unless and until this Court grants relief.

**AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION
UNDER THE NEW YORK STATE EXECUTIVE LAW
(Against All Defendants)**

76. Plaintiff repeats, reiterates, and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

77. The New York State Executive Law § 296(1)(a) provides that,

> "It shall be an unlawful discriminatory practice: For an employer … because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

78. Defendants engaged in an unlawful discriminatory practice in violation of the New York State Executive Law § 296(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of his race/color (Black), national origin, and/or disability, whether actual and/or perceived.

**AS A FOURTH CAUSE OF ACTION FOR RETALIATION
UNDER THE NEW YORK STATE EXECUTIVE LAW
(Against All Defendants)**

79. Plaintiff repeats, reiterates, and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

80. New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

81. Defendants have engaged in an unlawful discriminatory practice by retaliating, and otherwise discriminating against Plaintiff because of Plaintiff's engagement in an activity protected under this law.

**AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION
UNDER THE NEW YORK STATE EXECUTIVE LAW**

**(Against Individual Defendants Only)**

82. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

83. New York State Executive Law § 296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite, compel, or coerce the doing of any acts forbidden under this article, or attempt to do so."

84. Defendants, ASHMEADE and FERRIS, engaged in an unlawful discriminatory practice in violation of New York State Executive Law § 296 by aiding, abetting, inciting, compelling, and coercing the discriminatory and retaliatory conduct complained of herein.

**AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION
UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

85. Plaintiff repeats, reiterates, and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

86. The New York City Administrative Code §8-107(1) provides that

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, **race**, creed, **color**, **national origin**, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

87. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of his race/color (Black), national origin, and disability (broken finger), whether actual and/or perceived.

**AS A SEVENTH CAUSE OF ACTION FOR DISCRIMINATION
UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

88. Plaintiff repeats, reiterates, and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

89. The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

90. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(7) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS AN EIGHTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

91. Plaintiff repeats, reiterates, and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

92. The New York City Administrative Code §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

93. Defendants, ASHMEADE and FERRIS, engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

## AS A NINTH CAUSE OF ACTION FOR FOR VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

103. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint.

104. Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

105. Defendants' failure to pay Plaintiff at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

106. Plaintiff has been damaged in an amount to be determined at trial.

## AS A TENTH CAUSE OF ACTION FOR VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

107. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint.

108. Defendants failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

109. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

110. Plaintiff has been damaged in an amount to be determined at trial.

## AS AN ELEVENTH CAUSE OF ACTION
## FOR VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE NYLL

111. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint.

112. Defendants paid Plaintiff less than the minimum wage, in violation of NYLL § 652(1) and supporting regulations.

113. Defendants' failure to pay Plaintiff at the applicable minimum hourly rate was willful within the meaning of NYLL § 663.

114. Plaintiff has been damaged in an amount to be determined at trial.

## AS A TWELTH CAUSE OF ACTION
## FOR VIOLATION OF THE OVERTIME PROVISIONS OF THE NYLL

115. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint.

116. Defendants failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of NYLL Art. 19 and 12 N.Y.C.R.R. § 142-2.2.

117. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of NYLL § 663.

118. Plaintiff has been damaged in an amount to be determined at trial.

## AS A THIRTEENTH CAUSE OF ACTION
## FOR VIOLATION OF NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NYLL

119. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint.

120. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

121. Plaintiff has been damaged in an amount to be determined at trial.

## AS A FOURTEENTH CAUSE OF ACTION
## FOR VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NYLL

122. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint.

123. Defendants have not provided Plaintiff with wage statements upon each payment of wages, as required by NYLL 195(3).

124. Plaintiff has been damaged in an amount to be determined at trial.

## JURY DEMAND

125. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §1981, the New York State Human Rights Law, New York State Executive Law, §§ 296 et. seq., and the New York City Human Rights Law, Administrative Code §§ 8-107 et seq., in that Defendants discriminated, and retaliated against Plaintiff on the basis of his race;

B. Awarding Plaintiff compensatory damages for mental, and emotional injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

C. Awarding Plaintiff punitive damages;

D. Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

E. Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

F. Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

G. Awarding Plaintiff damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable;

H. Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

I. Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

J. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

K. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
May 13, 2022

           **PHILLIPS & ASSOCIATES,**
           **Attorneys at Law, PLLC**

           _____
           Shawn R. Clark, Esq.
           *Attorneys for Plaintiff*
           45 Broadway, Suite 620
           New York, New York 10006
           T: (212) 248-7431
           F: (212) 901 - 2107
           sclark@tpglaws.com

# EXHIBIT A



*Attorneys at Law*
45 BROADWAY, SUITE 430, NEW YORK, NEW YORK 10006
TEL: (212) 248-7431 FAX: (212) 901-2107
WWW.NYCEMPLOYMENTATTORNEY.COM
*A PROFESSIONAL LIMITED LIABILITY COMPANY*

July 11, 2022

**Via U.S. Mail, Certified, Return Receipt Requested**
Annabel Palma, Chair
New York City Commission on Human Rights
22 Reade Street, 3rd Floor
New York, New York 10007

**Via Email (ServiceECF@law.nyc.gov)**
Hon. Georgia M. Pestana
Acting Corporation Counsel of the City of New York
New York City Law Department
100 Church Street
New York, NY 10007

Re:     *Jamel Georgeon v. Total Tool Rentals, LTD.*, et al.

Greetings:

Pursuant to the notice requirements of Section 8-502 of the New York City Administrative Code, please find enclosed copies of the Complaint in the above-referenced action, which were filed today in the United States District Court for the Eastern District of New York.

Respectfully submitted,

Shawn R. Clark, Esq.