

*Attorneys at Law*
45 B**ROADWAY**, S**UITE** 620, N**EW** Y**ORK**, N**EW** Y**ORK**  10006
T**EL**: (212) 248-7431 F**AX**: (212) 901-2107
WWW.NYCEMPLOYMENTATTORNEY.COM
A P**ROFESSIONAL** L**IMITED** L**IABILITY** C**OMPANY**

March 13, 2023

**Via ECF**
The Honorable Peggy Kuo
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  **Re:** **Georgeon v. Total Tool Rentals, Ltd. et al**
     22-cv-04038 (PK)

Your Honor:

  This firm represents the Plaintiff Jamel Georgeon ("Plaintiff") in the above-referenced matter.  Plaintiff writes jointly with Defendants to request that the Court approve the settlement agreement ("the Agreement") reached by the parties herein as fair and reasonable. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The Agreement is attached hereto as Exhibit A.

  Following a settlement conference before Your Honor, the Parties have agreed to settle the claims brought in this action. Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement and dismissal of these claims with prejudice, in exchange for consideration as set forth in the Agreement.  The Agreement is the result of arms-length bargaining between the Parties and two settlement conference conducted before Your Honor. The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiff's wage claims asserted in this case as outlined more specifically in the attached Agreement.

  The Parties have concluded that the Agreement is fair, reasonable, adequate, and in the Parties' mutual best interests.  For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that that Court enter an Order approving the settlement as fair and reasonable.

I. **Statement of the Case**

Plaintiff brought this action for unpaid wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the New York Labor Law, N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs. Plaintiff also brought claims against Defendant pursuant to 42 U.S.C. §1981, the New York State Human Rights Law, New York State Executive Law §§ 296, et. seq. ("NYSHRL"); and the New York City Human Rights Law, New York City Administrative Code §§ 8-107, et. seq. ("NYCHRL") and seeks damages to redress the injuries he has suffered as a result of being discriminated against on the basis of his race/color (Black), national origin, and retaliated against for his complaints of discrimination resulting in his unlawful termination. Plaintiff estimated that if they were fully successful on their arguments at trial, excluding attorney's fees and costs, they would be entitled to approximately $12,271.88 in unpaid wages, an equivalent amount of liquidated damages, and potential emotional damages.

Defendants deny the substance of the allegations arguing that Plaintiff was properly paid for all hours worked, never worked more than 40 hours in a given work week, was never discriminated against for any reason, and was never retaliated against or unlawfully terminated. Defendants also assert that they did not violate the NYLL or FLSA.

II. **The Proposed Settlement is Fair and Reasonable**

Under the settlement, Defendants will pay $35,000.00 to settle all wage claims within twenty-one days of court approval, entry of an Order of Dismissal of the Action, with prejudice, and Defendants' Counsel's receipt of W-4 and W-9 tax forms for Plaintiff Georgeon. Of this amount, $12,281.54 will be attorney's fees and costs in this matter, with the remainder to go to the Plaintiff.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Having conferred with Defendants, it became clear that there were sharply contested factual and legal disputes that went to the heart of Plaintiff's claims. Significantly, Defendants vigorously contested the hours Plaintiff worked. Defendants also presented time sheets that had been completed regarding his alleged actual hours worked. Further, and as explored before Your Honor at the settlement conference, Defendants also raised a number of factual and legal issues that posed significant challenges to Plaintiff's non-wage and hour claims. Looked at as a whole, these contested issues suggested that settlement was a reasonable path forward for all parties in this action.

Considering the risks in this case outlined above, discussed *supra*, Plaintiff believes that this settlement is an excellent result for the Plaintiff, and it should be approved as a fair settlement. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### III.     Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with their retainer agreements with the Plaintiff, Plaintiffs' counsel will receive $12,281.54 from the settlement fund as attorneys' fees and costs. This represents one third of the settlement fund after costs of $614.87; costs in this case include the Court filing fee, service of process, as well as postage for a mailing connected to this matter. *See* Exhibit B, Phillips & Associates Costs Report. This one third contingency rate constitutes a reduction from the forty percent retainer rate reflected in the Plaintiff's retainer agreement.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, including a mediation following the filing of a motion for default, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, Plaintiff has already agreed to the fee provided for in the settlement.

A summary of billing records for Plaintiff's counsel is annexed hereto as Exhibit C; duplicative or extraneous billing records have been removed. Accordingly, we calculate our lodestar in the amount of $19,705, an amount larger than the fees requested in connection with the settlement here. A brief biography of each attorney who performed billed work in this matter is as follows:

> a. Shawn Clark is a Senior Associate at Phillips & Associates PLLC and bills at a rate of $350.00. Mr. Clark graduated from New York University School of Law in 2010, where he was a Dean's Scholar and an Articles Editor for the New York University Journal of Legislation and Public Policy. During law school Mr. Clark interned in the trial sections of the United States Attorney's Office for the Eastern District of New York and the New York County District Attorney's Office, and assisted former United States District Judge John Gleeson with formulating a curriculum for newly appointed appellate judges at New York University's Opperman Institute for Judicial Administration. Following law school, Attorney Clark worked in the Legal Bureau of the NYPD under the direct supervision of the NYPD's chief legal officer, where he advised police executives on a variety of criminal and employment law issues. Between

      2012 and 2014 Mr. Clark worked at the Special Federal Litigation Division of the New York City Law Department, where he was responsible for defending Section 1983 litigation brought against police, district attorney and correction defendants in the Southern and Eastern Districts of New York. Since 2014, Mr. Clark has specialized in litigating employment matters on behalf of plaintiffs in state and federal courts, including wage & hour and discrimination actions. He has served as lead counsel in multiple bench and jury trials involving employment matters in the federal courts.

      Attorney Clark is an active member of the New York Chapter of the National Employment Lawyers Association and the Federal Bar Council. He has been selected as a Super Lawyers Rising Star each year since 2015.

b. Melissa Vo is an Associate Attorney at Phillips & Associates PLLC and bills at a rate of $250.00. Ms. Vo graduated from the University of Pennsylvania and earned her Bachelor of Arts in Psychology in May of 2014 before earning her Juris Doctorate from Temple University Beasley School of Law in May of 2017. Prior to joining Phillips & Associates in January of 2022, Ms. Vo practiced law as an Assistant District Attorney for Bronx County. While there, she gained grand jury and trial experience while handling her own felony caseload. Ms. Vo is currently admitted to the New York State Bar, as well as the Southern and Eastern Districts of New York.

c. Humberto Alvarez is a paralegal at Phillips & Associates PLLC and bills at a rate of $100.00. Mr. Alvarez graduated from St. John's University with a Bachelor of Science in computer science with a mathematics minor. Mr. Alvarez has six years of paralegal experience working at law firms of various sizes. Mr. Alvarez is fluent in Spanish and routinely translates for Spanish speaking clients. Mr. Alvarez joined Phillips & Associates in 2021.

    Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

                                        Respectfully submitted,

                                        **PHILLIPS & ASSOCIATES,**
                                        **ATTORNEYS AT LAW, PLLC**

                                        By: /s/ *Melissa Vo*_____
                                              Melissa Vo, Esq.

CC: All Counsel of Record (ECF)